UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERRY L. VANNORTWICK, as
the Personal Representative of the
Estate of CLAUDE STEVENS,

    Plaintiff,

v.

ANTHONY H. STEWART, et al.,

    Defendants.
_____/

Case No. 17-12507
Honorable Linda V. Parker

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS BOLES' AND MARSHALL'S ANSWERS AND MOTIONS FOR SUMMARY JUDGMENT

On August 2, 2017, Plaintiff initiated this civil rights lawsuit against sixteen defendants, raising claims arising from Claude Stevens' death while an inmate with the Michigan Department of Corrections. Attorneys Michelle Harrell and R.J. Cronkite from Maddin Hauser Roth & Heller, P.C. (collectively "Maddin Hauser") subsequently entered their appearances on behalf of several defendants, including Larry Marshall ("Mr. Marshall") and Barbara Boles ("Ms. Boles"). Maddin Hauser subsequently moved to withdraw as counsel for Mr. Marshall and Ms. Boles due to their inability to pay the fees charged for Maddin Hauser's legal services. This Court granted Maddin Hauser's motion to withdraw on November 13, 2018. (ECF No. 99.)

Plaintiff thereafter moved and was granted leave to file an amended complaint. Plaintiff filed her Amended Complaint on March 4, 2019. (ECF No. 118.) Mr. Marshall and Ms. Boles filed separate Answers on March 14, 2019. (ECF Nos. 122, 123.) The following day, they each filed an "Addendum" to their Answers, which read in relevant part: "Defendant [Barbara Boles/LarryMarshall]'s Answer to Second Amended Complaint, as well as this Addendum, was [sic] drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to Michigan Rule of Professional Conduct 1.2(b)." (ECF Nos. 124, 125.) Mr. Marshall and Ms. Boles thereafter filed separate motions for summary judgment. (ECF Nos. 148, 149.) In the case caption of their motions, Mr. Marshall and Ms. Boles include this statement: "Drafted with the assistance of a lawyer licensed to practice in the State of Michigan, pursuant to Michigan Rule of Professional Conduct 1.2(b). It is no secret that R.J. Cronkite from Maddin Hauser is the lawyer assisting Mr. Marshall and Ms. Boles. (*See* Mot. Ex. A, ECF No. 151-2.)

Plaintiff is now seeking to strike Mr. Marshall's and Ms. Boles' answers and motions, arguing that they are "ghostwritten" and therefore violate Rule 11 of the Federal Rules of Civil Procedure and Eastern District of Michigan Local Rule

83.25(a).¹ (ECF No. 151.) Plaintiff moves to strike Mr. Marshall's and Ms. Boles' filings pursuant to Federal Rule of Civil Procedure 12(f).

Rule 12(f) reads:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). As an initial matter, Mr. Marshall's and Ms. Boles' motions for summary judgment are not "pleadings." *See* Fed. R. Civ. P. 7(a) (defining "pleadings" as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim…; a third-party complaint … and a third-party answer …"). As such, Rule 12(f) does not provide a basis for striking their motions.² *See Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir.

---

¹ In her motion to strike, filed April 22, 2019, Plaintiff also asks the Court to stay the briefing schedule on Mr. Marshall's and Ms. Boles' summary judgment motions pending the disposition of the motion. On April 24, 2019, the Court entered a text-only order staying briefing until the Court issues its decision on the motion to strike.

² Courts do have the inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). However, the Court does not believe that striking Mr. Marshall's and/or Ms. Boles' answers and motions help it to control its docket. Instead, doing so would only make it more difficult for the Court to manage and expeditiously resolve Plaintiff's claims.

2006) ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed. R. Civ. P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f)."). Moreover, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("action of striking a pleading should be used sparingly by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy"). In any event, none of the reasons for striking pleadings apply to the subject filings.

Plaintiff does not suggest that Mr. Marshall or Ms. Boles have asserted an "insufficient defense" in their answers or motions. *See* Fed. R. Civ. P. 12(f). Nor does Plaintiff explain how these filings are "redundant, immaterial, impertinent, or scandalous." *See id*. "Courts have generally decided to strike portions of a pleading for being impertinent or scandalous only where the language is extreme or offensive." *Penman v. Correct Care Sols.*, No. 5:18-cv-58, 2018 WL 6241621, at *1 (W.D. Ky. Nov. 28, 2018) (citing cases). "'Scandalous allegations' generally means 'any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Id*. (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

4

"'An allegation is 'impertinent' or 'immaterial' when it is not relevant to the issues involved in the action.'" *Id.* (quoting *L & L Gold Assoc., Inc. v. Am. Cash for Gold, LLC*, No. 09-10801, 2009 WL 1658108, at *1 (E.D. Mich. June 10, 2009)).

To the extent Plaintiff instead is seeking to strike the pleadings as a sanction for a Rule 11 violation, the Court does not find such an action warranted. Courts express "concern" or "discontent" for ghostwriting for two specific reasons. First is the "undue advantage gained when unidentified attorneys author 'pro se' pleadings" because "we afford a pro se litigant's pleadings a more liberal construction than those drafted by an attorney." *Barnett v. LeMaster*, 12 F. App'x 774, 778 (10th Cir. 2001) (italics removed); *Kircher v. Charter Twp. of Ypsilanti*, No. 07-13091, 2007 WL 4557714, at *4 (E.D. Mich. Dec. 21, 2007). The second is that ghostwriting "allows counsel to escape the obligation imposed on members of the bar under Rule 11 of representing to the court that there is good ground to support the assertions made." *Kircher*, 2007 WL 4557714, at *4 (internal quotation marks and citation omitted); *Barnett*, 12 F. App'x at 778 ("the failure to sign a pleading shields an attorney from responsibility and accountability for his actions").

Here, however, Mr. Marshall and Ms. Boles have been forthright about the help they received from a lawyer in preparing their answers and motions. There has been no misrepresentation to the Court or the parties regarding the source of

5

these filings. As such, the Court would not be inclined to afford the submissions a more liberal construction and thus provide any undue advantage to these defendants.

Because the Court and the parties are well aware of who drafted the filings, that individual is not shielded from responsibility or accountability for his actions. Moreover, Plaintiff fails to identify anything sanctionable with respect to Mr. Marshall's or Ms. Boles' filings other than that the documents are not signed by the attorney who assisted in drafting them. Even if ghostwriting should be condemned, striking the answers and motions will not punish the individual whose conduct Plaintiff asserts is problematic. Instead, it only punishes these pro se defendants.

For these reasons, the Court is denying Plaintiff's motion to strike and lifts the stay of the briefing period on Mr. Marshall's and Ms. Boles' pending motions for summary judgment.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 2, 2019, by electronic and/or U.S.

6

First Class mail.

                                                     s/ R. Loury
                                                     Case Manager